UNITED STATES of America, Plaintiff,

v.

Michael ABBELL, William Moran, Hugo Perera, et al., Defendants.

No. 93–0470–CR.

United States District Court,
S.D.Florida.

Dec. 13, 1995.

Roy Black, Miami, FL, for Defendant Abbell.

Albert Krieger, Miami, FL, Martin Weinberg, Boston, MA, for Defendant Moran.

Howard Srebnick, Miami, FL, for Defendant Perera.

## ORDER APPOINTING SPECIAL MASTER

HOEVELER, Senior District Judge.

THIS CAUSE comes before the Court upon Defendant MORAN's Motion for Neutral Judicial Review, filed August 23, 1995; Defendant MORAN's Motion for Protective Order, filed October 10, 1995; Defendant ABBELL's similar concerns, raised orally, as to materials seized from the residence of Francisco Laguna (identified as the satellite office of Defendant ABBELL's law firm); Defendant PERERA's similar concerns, raised orally, as to materials seized from the office of Fred Salazar, an investigator working on his behalf; and Defendant PERERA's Renewed Motion to Prohibit Government from Reviewing Privileged Materials, filed December 5, 1995.[1] Related concerns are raised in the Emergency Motion to Intervene and for Protective Order, filed on behalf of Augusto Falcon and Salvador Magluta (Defendants in Case No. 91–6060–Cr–MORENO), as a result of the same search of Fred Salazar's office. The UNITED STATES' filed its response to Defendant MORAN's Motions on October 12 and October 18, 1995. The Court heard argument from all parties at a hearing on December 1, 1995.

The Court finds that the responsiveness and privilege issues raised in these proceedings are exceptional and warrant referral to a Special Master. As to the items seized from the law office of Defendant MORAN (3050 Biscayne Blvd., Suite 302, Miami), and

---

1. Defendant PERERA filed an Emergency Motion to Prohibit Government from Reviewing Privileged Materials on September 27, 1995, in the instant case, No. 93–0470–Cr–HOEVELER, which was GRANTED by Magistrate Judge Stephen Brown on the same date. The Government has advised the Court that Magistrate Barry Garber has since, by SEALED Order, VACATED the Order of Magistrate Brown.

the firm's storage facility (Pierce, Leahy Archives, 7460 N.W. 52d Street, Miami), on September 9, 1994, it appears that an extensive amount of materials, including computerized data, must be reviewed. (After the search, at least 40 boxes of materials were provided by the Government to Defendant MORAN's law office—some of which contained returned documents, others which included only copies of documents which the Government retains. *Affidavit of Lawrence J. Kerr, Esq.,* October 21, 1994. Approximately 13 boxes have been offered to the Government by counsel for Defendant MORAN. *Letter (from Martin Weinberg and Albert Krieger to Theresa Van Vliet),* August 31, 1995, and *Letter,* September 8, 1995.) At the hearing on December 1, counsel for Defendant ABBELL represented that items seized on September 9, 1994, from the residence of Francisco Laguna (95 Shore Drive West, Miami), which is alleged to be the satellite office of Defendant ABBELL's law firm, as to which a privilege has been claimed constitute "less than 25% of one box" of documents.

The Government has informed the Court that Russ Killinger, a Government "taint attorney", has already reviewed the material seized from the office of Fred Salazar on September 26, 1995. Defendant PERERA's Renewed Motion states that Defendant's Counsel was advised by the Government that the "taint team" is in the process of deciding which, if any, documents should be turned over to the prosecution team.

The seized materials referred to in this Order include documents, computer stored data or any item seized during the course of the execution of the pertinent search warrants. Examination of these materials will require a detailed analysis of the contents of each item seized in relation to a complex underlying investigation that alleges crimes of narcotics trafficking, money laundering and obstruction of justice, as well as highly complex and sensitive privilege issues. After review of the record herein and the arguments of the parties, and being otherwise advised in the premises, it is hereby

ORDERED AND ADJUDGED that Magistrate Judge Stephen Brown's Order of December 19, 1994, appointing Thomas G. Schultz, Esq., as the Special Master to review seized materials is hereby VACATED. It is further

ORDERED AND ADJUDGED that E. Lawrence Barcella, Jr., Esq., is appointed by this Court, with the agreement of the parties, to serve as Special Master for the purposes of reviewing materials seized during the course of search warrants which were executed on September 9, 1994, at the law office and storage facility of Defendant MORAN and at the residence (in Miami, Florida) of Francisco Laguna, which residence was identified in the search warrant as the satellite office of the law firm of Ristau and Abbell, P.A.; and on September 26, 1995, at the office of Fred Salazar (878 South Dixie Highway, Miami). It should be noted that Mr. Barcella served, pursuant to an appointment by U.S. District Judge Stanley Sporkin, as the Special Master in related proceedings in the District of Columbia and is therefore already well versed in the facts and circumstances of this case and the affidavit supporting issuance of at least two of the search warrants at issue. His background and knowledge will therefore expedite the review process. The Court notes that Defendants would not, in the usual course of criminal proceedings, be required to pay for the review of seized documents over which a privilege has been claimed when such review is performed by a judge or magistrate. The specific circumstances of this case, including, *inter alia,* the extent of criminal activity alleged in the indictment, the volume of documents seized, the importance of the claimed privileges, and the limited time resources of this Court, compel the appointment of a Special Master. The costs of the Special Master shall be paid by the United States. The Court notes that a similar process was envisioned by the Third Circuit in *Klitzman, Klitzman, and Gallagher v. Krut,* 744 F.2d 955, 962 (3rd Cir.1984).

The Special Master's review shall be conducted according to the following guidelines:

1. The Special Master will have authority to review all documents and computer generated data seized to determine: (a) whether the documents and data are responsive to the

search warrant, or fall within some valid exception to the warrant requirement (e.g., the "plain view" exception); (b) whether the documents or data are protected from disclosure because of attorney client, work product, or other applicable privileges; and (c) whether any valid exception to the applicable privilege (e.g., crime-fraud exception) defeats the asserted privilege.

2. Defendants MORAN and ABBELL shall provide the Special Master with a copy of their logs identifying items over which a claim of privilege has been asserted within forty-eight (48) hours from the date of this Order. Defendant PERERA shall prepare a log identifying items over which a claim of privilege has been asserted within five (5) days of the date of this Order and shall immediately provide a copy of that log to the Special Master.

3. In making his determination and recommendations regarding the application of privilege, the Special Master shall consider the submissions of Defendants MORAN, ABBELL, and PERERA in support of such application and any response from the Government regarding whether any valid exception to applicable privilege defeats the asserted privilege. The parties' positions shall be submitted in writing and may be supplemented by oral argument at the option of the Special Master. The procedures for such presentations shall be determined by the Special Master.

4. The Special Master shall issue a report, or reports, to the Government and to counsel for Defendants MORAN, ABBELL, and PERERA, setting forth his conclusions and recommendations as to the responsiveness and privilege issues on an item by item basis (i.e., document by document). These reports shall be prepared in a manner which avoids disclosures to the Government of any material the Special Master believes to be privileged.

5. Upon receipt of the Special Master's report(s) the parties shall have ten (10) days in which to file their written objections, if any, with this Court. The party opposing an objection shall have five (5) days in which to file a written response with this Court. If it becomes necessary, the Court will hear the objections promptly. It is important that this matter be expedited. The Court retains jurisdiction to hear these matters *de novo*, if necessary.

It is further ORDERED AND ADJUDGED that the Government shall deliver the originals of the items seized to the Special Master for his review or, at the option of the Special Master, shall deliver copies of the items for his review. The parties are directed to consult and agree upon an acceptable procedure for delivery of those documents in need of review as previously identified by Defendants MORAN and ABBELL. As to the materials seized from the office of Fred Salazar, the investigator hired by Defendant PERERA's counsel, the Government shall provide the Special Master with the items in need of review and the "taint team" shall postpone disclosure of those documents to the prosecution team until the completion of the Special Master's review process. (This ruling addresses the matter raised by counsel for Defendant PERERA.) Defendant PERERA's Renewed Motion is, therefore, GRANTED, in part. Augusto Falcon and Salvador Magluta's Emergency Motion to Intervene and for a Protective Order is DENIED.

It is further ORDERED AND ADJUDGED that the Government conduct a search of any computer generated and stored data for responsive documents seized during execution of the search warrants as to the law office of Defendant MORAN, the office of Francisco Laguna and the office of Fred Salazar through the use of information retrieval software utilizing a list of "search terms". This program is to be implemented without resort to reviewing each computer stored document in order to cull those documents deemed responsive to the search. Upon completion of this process, copies of those computer generated or stored documents retrieved pursuant to the electronic search referred to above will be provided to the Special Master and to counsel for Defendants MORAN, ABBELL, and PERERA in either hard copy or diskette format. The prosecution team shall not examine the computer generated or stored documents retrieved pursuant to the electronic search

referenced above prior to this Court's approval of recommendations made by the Special Master as to the responsiveness and privilege issues, with the exception of any documents to which Defendants MORAN, ABBELL, or PERERA fail to assert any privilege.

It is further ORDERED AND ADJUDGED that items determined to be covered by a valid assertion of privilege, and to which no objection is raised before the Court, shall be returned forthwith.

It is further ORDERED AND ADJUDGED that all items deemed responsive by the Special Master, and to which Defendants MORAN, ABBELL, or PERERA assert no objection nor claim of privilege, shall be provided to the Government forthwith.

It is further ORDERED AND ADJUDGED that the Government shall retain a complete copy of all documents under seal, for purposes of any future challenges to the searches and for record purposes.

The above ruling addresses the matter raised by Defendant ABBELL. Defendant MORAN's Motion for Neutral Judicial Review and Motion for Protective Order are GRANTED, in part, according to the above ruling.

DONE AND ORDERED.